NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANGELA FONTANA and ALFRED HOFSTADTER,<br><br>**Plaintiffs,**<br><br>v.<br><br>BANK OF AMERICA,<br><br>**Defendant.** | Docket No.: 14-1069-WJM-MF<br><br>**AMENDED OPINION and ORDER OF REMAND** |

*Pro se* Plaintiffs initially filed this case in state court, and Defendant removed to federal court on the grounds of both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. ECF. No. 1. Defendant then filed a motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) on March 12, 2014. ECF. 9. Plaintiff opposed. ECF. No. 10.

On May 20, 2014, this court dismissed this case *sua sponte* for lack of subject matter jurisdiction. ECF. Nos. 15-16. The opinion accompanying the order of dismissal found that there was no federal question jurisdiction based upon the fact that the Home Mortgage Disclosure Act, the only law articulated in the Complaint, contains no private cause of action. ECF. No. 15. The court correctly dismissed the the Home Mortgage Disclosure Act claim because that statute has no private cause

of action.  There was therefore no federal question to consider.  However, the court overlooked the question of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, the federal court may exercise diversity jurisdiction where there is an amount in controversy exceeding $75,000, and the parties are citizens of different states.  Where the district courts of the United States have diversity jurisdiction over a complaint filed in state court, the defendant may remove the case to the district court.  28 U.S.C. § 1441.  Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal, and the burden is on the removing party to establish federal jurisdiction.  *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447.  Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.  . *Johnson v. SmithKline Beecham Corp.*, 724 F.3d at 346.

The removing defendant has the burden of demonstrating that the amount in controversy requirement has been met.  *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).  ("A party who invokes the jurisdiction of the federal courts has the burden of demonstrating the court's jurisdiction.").  "In removal cases, determining the amount in controversy begins with a reading of the

complaint filed in the state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

"The test for determining the amount in controversy in diversity cases was established by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.* The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. . . . But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.* (*citing Red Cab*, 303 U.S. at 288-89; *Jones v. Knox Exploration Corp.*, 2 F.3d 181 (6th Cir. 1993); *Ehrenfeld v. Webber*, 499 F. Supp. 1283, 1294 (D. Me. 1980)).

The parties in this case are from different states:  Plaintiffs are citizens of New Jersey, and Defendant is a citizen of North Carolina.  (Notice of Removal at ¶ 10)

The amount in controversy is not entirely clear from the Complaint. Plaintiff's Complaint complains about the denial of a refinance mortgage, the value

of which he does not quantify.  It also complains of unrelated late fees and interest on other loans in the total amount of $231.77.

In support of its Notice of Removal, Defendant submitted a loan security agreement, noting that the loan at issue was to be for $399,600. While the inclusion of the loan security agreement may have made a superficial case for an amount in controversy above $75,000, the Defendants argued correctly that the Complaint, on its face, stated no cause of action under which Plaintiffs could recover for the denial of the mortgage.  Without the viability of a claim based on the denial of the mortgage, the most the Plaintiff could collect is legally certain: $231.77.

With the maximum amount the Plaintiff could recover legally certain to be under $75,000 at the time of removal, Defendant has failed to meet its burden of providing diversity jurisdiction. *Red Cab*, 303 U.S. at 288-89.  In the absence of a federal question and diversity, the court has no jurisdiction and will accordingly remand.  28 U.S.C. § 1447(c); *see also* 28 U.S.C. § 1367(c)(3).  Therefore,

It is on this ___14___ day of July 2014 hereby

**ORDERED** that the case is hereby remanded to state court.

4

WILLIAM J. MARTINI, U.S.D.J.

5